IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-30084 |
| | ) | |
| CHRIS HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

On September 23, 2008, the Court appointed the Federal Public Defender's Office to assist Defendant Harris in filing a Motion for Reduction of Sentence based on the retroactive Amendment to the Sentencing Guideline range regarding crack cocaine sentencing. The Federal Public Defender's Office has now filed a Motion to Withdraw as Counsel (d/e 86).

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

1

> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On September 1, 1999, the Defendant was sentenced by this Court to a sentence of 360 months imprisonment based on convictions for distribution of crack cocaine. The Court found Defendant accountable for more than 1.5 kilograms of crack cocaine, and his base offense level was 38. See Transcript of Proceedings for September 1, 1999 (d/e 73), at 204; Pre-Sentence Report (d/e 50), ¶ 28.

When the Court sentenced Defendant originally, the Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. United States v. Cole, 2008 WL 3992691, at *1 (C.D. Ill. Aug. 20, 2008). Amendment 706 changed the threshold for the base offense level of 38 to 4.5 kilograms of crack cocaine. Id. Thus, the sentence reduction possibility created by Amendment 706 "does not apply where more than 4.5 kilograms of crack is involved." United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008). After a

lengthy contested sentencing hearing and partial concession from Defendant, the Court adopted the findings of the Presentence Report regarding relevant conduct, which clearly held Defendant accountable for distributing more than 4.5 kilograms of crack cocaine.  See Transcript of Proceedings for September 1, 1999, at 204; Pre-Sentence Report, at ¶¶ 9-20 (finding in ¶ 9 alone that Defendant was accountable for distributing 6.1236 kilograms of crack cocaine); see also United States v. Harris, 2000 WL 1657963, at *1 (7th Cir. Nov. 3, 2000) ("In particular, the PSR discusses in great detail incidents occurring over a span of six years that linked Harris to the preparation and distribution of over ten kilograms of crack cocaine . . . ."). Thus, even under an amended Guideline calculation, Defendant still would have a base offense level of 38. For this reason, the Federal Public Defender's Office has concluded that Defendant does not qualify for a sentence reduction and has moved to withdraw.

      THEREFORE, the Federal Public Defender's Motion to Withdraw as Counsel (d/e 86) is ALLOWED.  Defendant is allowed to pursue this matter *pro se.*  Defendant has filed several pro se submissions, but the Court allows him until January 16, 2009, to file an additional pleading setting forth any other reasons be believes that the Amendment applies in spite of the fact

that his Guideline Sentencing range remains unchanged.

IT IS THEREFORE SO ORDERED.

ENTER: December 16, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE