E-FILED
Monday, 21 December, 2020  09:49:05 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 98-30084 |
| | ) | |
| CHRIS HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Defendant's Motion for Reduced Sentence under Section 404(b) of the First Step Act.

## I.    BACKGROUND

In November 1998, Defendant Chris Harris was charged by Indictment with two counts of distribution of an unspecified amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On January 29, 1999, the Defendant pled guilty to both counts.  Because of a prior qualifying conviction, the Defendant faced a statutory maximum of 30 years' imprisonment. 21 U.S.C. § 841(b)(1)(C).

At sentencing, the Defendant was held accountable for 1.5 kilograms or more of crack cocaine, making his base offense level at that time 38.  After adjustments for the presence of a firearm and obstruction of justice, the Defendant's total offense

1

level was determined to be 42.  He was found to have a criminal history category of V.

Based on a total offense level of 42 and a criminal history category of V, and because the statutory maximum on both counts was 30 years, the Defendant's guideline range was 360 months to 720 months in prison.  He was subject to a statutory minimum term of 6 years supervised release.

On September 1, 1999, the Court imposed a sentence of 360 months' imprisonment on Counts 1 and 2 to be served concurrently, followed by a 6-year term of supervised release.  According to the Bureau of Prisons website, the Defendant's release date is September 18, 2024.  www.bop.gov/inmateloc.

## II. DISCUSSION

### (A)

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amounts of crack cocaine required to enhance the statutory minimum and maximum sentences for a violation of 21 U.S.C. § 841(a)(1).  Prior to the Fair Sentencing Act, an offense involving at least 50 grams of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment, while an offense involving 5 grams of crack cocaine triggered a 5-year mandatory minimum and a statutory maximum of 40 years imprisonment.  *See*

*Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006 ed.).

Following the enactment of the Fair Sentencing Act, it takes 280 grams of crack to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams of crack to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *See Dorsey*, 567 U.S. at 269. The Supreme Court determined that the Fair Sentencing Act applied to any defendant who was sentenced after August 3, 2010. *See id*. at 281. It did not apply retroactively to defendants sentenced prior to that date. *See id*.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Specifically, section 404(a) defines a covered offense as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."

Section 404(c) includes two limitations on the Court's authority to impose a reduced sentence. First, if the defendant's sentence was imposed or previously reduced in accordance with the amendment made by sections 2 and 3 of the Fair Sentencing Act, the defendant cannot receive a reduced sentence. Second, if the Court previously rejected a motion under § 404 of the First Step Act "after a

3

complete review of the motion on the merits," the defendant cannot ask for a second bite at the apple.

The Defendant is eligible for a reduced sentence under section 404 of the First Step Act. The Seventh Circuit recently determined that a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is a covered offense under the First Step Act. *See United States v. Hogsett*, ___ F.3d ___, 2020 WL 7134464, at *3 (7th Cir. Dec. 7, 2020) ("[T[he Fair Sentencing Act modified the statutory penalties for § 841(b)(1)(C), so all convictions under that subsection—regardless of whether they are subject to a different penalty range—are "'covered offenses.'").

The sentence imposed on Count 1 was for a "covered offense" because the Defendant committed the offense before August 3, 2010, and the statutory penalty for possession of crack cocaine with the intent to distribute under § 841(b)(1)(C) was modified by section 2 of the Fair Sentencing Act. Therefore, the Court has the authority to impose a reduced sentence as if section 2 of the Fair Sentencing Act was in effect at the time the offense was committed.

Because section 2(a) of the Fair Sentencing Act modified the statutory penalties that apply to all offenses under § 841 involving crack cocaine, including those subject to § 841(b)(1)(C), anyone with a prior crack conviction under § 841 may be considered for a reduced sentence under the First Step Act.

4

(B)

The Defendant states that his sentence should be reduced to 292 months, which would be time served in his case. He has been incarcerated for approximately 265 months or 22 years. The Defendant notes that a total of 1.3 grams of actual crack cocaine was seized in this case which resulted in the 30-year sentence. According to the Presentence Investigation Report ("PSR"), he was held responsible for 1.5 kilograms or more of crack cocaine based on relevant conduct. Specifically over the course of several years, he was linked to the distribution of more than 10 kilograms of crack cocaine and at least five kilograms of powder cocaine. The Defendant alleges the Government took a minor offense and enhanced it using conduct that Defendant objected to and was never found guilty of committing.

As noted earlier, in determining the Guideline Range, the Defendant was held responsible for at least 1.5 kilograms of crack cocaine. Today, 1.5 kilograms would result in a base offense level of 32. After the applicable adjustments, the Defendant's total offense level would be 36 and his criminal history category would remain V. This would result in a guideline range of 292 months to 365 months' imprisonment.

The Government states that based on the Court's findings at sentencing, and in denying Defendant's subsequent motions to reduce sentence, the statutory maximum and advisory guideline range would remain unchanged. While the Court did not make an exact drug quantity finding at sentencing because no such finding

was required, the Court has since noted that Defendant was held accountable for at least 8.4 kilograms of crack cocaine but less than 25.2 kilograms of crack cocaine.

The current base offense level would still be 36 for at least 8.4 kilograms of crack cocaine. Following the firearm enhancement, the resulting offense level would be 38 with a criminal history category of V which would result in a 360 months to life imprisonment (which is reduced to 720 months of imprisonment due to the 30-year statutory maximum on both counts). Accordingly, the statutory maximum sentence and sentencing range would not change based on the drug amounts for which Defendant has been determined to be accountable.

The Defendant's previous sentence of 360 months represented the bottom end of the guideline range. Given that he has spent 22 years in prison for 1.3 grams of actual crack cocaine, the Defendant claims there is no compelling argument that the bottom end of what he alleges is the new guideline range is not a sufficient sentence.

The Defendant further contends that, even considering the relevant conduct, he has paid his debt to society. He was not sentenced as a career offender. Other crack cocaine defendants charged with larger amounts of crack cocaine in the Central District of Illinois have received First Step Act reductions and have been released from prison and/or received sentence reductions.

The Government claims that a number of sentencing factors which supported the original sentence—the seriousness of the offense, the goal of adequate

deterrence, the desire to avoid unwarranted sentencing disparities—support denial of the Defendant's motion.  The Government also points to the unchanged status of the sentencing range.

The Court recognizes that Defendant objected to the relevant conduct at sentencing and no exact drug quantity was made.  Because of its post-sentencing findings regarding drug amounts, however, the Court declines to alter the sentencing guideline range.  Given that the Defendant committed a covered offense under the First Step Act and a reduction is permitted, the Court will consider whether a reduction is appropriate based on the relevant factors.

(C)

The Court notes that what was an appropriate and sufficient sentence in 1998 or 1999 is not necessarily an appropriate and sufficient sentence in 2020.  Under the First Step Act, courts have the discretion to undertake a "complete review" of the sentences of eligible individuals.  Such a review would obviously include the statutory sentencing factors.

An important consideration is to protect the public from further crimes.  The Government cites the Defendant's extensive criminal history which includes multiple convictions for aiding a fugitive, theft, possession of a controlled substance, battery and driving while license suspended. The Government alleges this strongly suggests that Defendant is a continuing danger to the community if he is released.

7

Like most individuals serving a lengthy sentence for federal drug offenses, the Defendant does have a significant criminal history.  However, all of those crimes were committed more than two decades ago when the Defendant was in his mid-20's or younger.  He has now served the equivalent of an approximately 310-month term if credit for good time is taken in to account.  It is certainly possible that Defendant will return to criminal activity when he is released.  While the protection of the public is an important sentencing factor, the Court believes that Defendant is significantly less likely to engage in serious criminal activity in his late 40's.  It is worth noting that Defendant has had only one disciplinary infraction in the last 17 years.

According to 18 U.S.C. § 3553(a)(6), courts should avoid unwarranted sentence disparities between similarly situated individuals who have been found guilty of similar conduct.  Certainly, individuals who were sentenced in the late 1990s for distributing large amount of crack cocaine received lengthy prison terms. The Defendant points out that a number of individuals in this District who were convicted of distributing large amounts of crack cocaine were sentenced to significantly less than 30 years.  The Defendant's motion also cites a number of Central District defendants who were responsible for as much or more crack cocaine, were sentenced after the Defendant and have received First Step Act reductions, some of whom received time served sentence.

8

Whether the purpose of the First Step Act is to "place crack cocaine offenders who were sentenced before August 3, 2010, in the same position as like offenders who were sentenced later," or "to address the disparities between sentences for crack cocaine and powder cocaine," the Court believes the Defendant is entitled to a reduction. The Defendant was sentenced in 1999 under a mandatory Guidelines regime. The Court believes it would be extremely unlikely that a similarly situated individual today who is not a career offender would receive a 30-year term under an advisory Guidelines scheme.

Because it is now established after *Hogsett* that a violation of §841(a)(1), (b)(1)(C) is a "covered offense" under the First Step Act, upon considering the applicable sentencing factors, the Court will exercise its discretion to reduce the Defendant's sentence. The Court finds that the more than 22 years that Defendant has already served adequately accounts for the seriousness of the offense and promoting deterrence. While there is always a possibility that any individual released will reoffend, the Court believes that the sentence already served has achieved its maximum deterrent effect. Finally, a reduction in this case is consistent with reductions in a number of other cases in the Central District of Illinois.

For all of these reasons, the Court will grant the Defendant's motion and order his sentence reduced to 292 months.

<u>Ergo</u>, the Defendant's Motion for Reduced Sentence under Section 404(b) of the First Step Act [d/e 110] is GRANTED.

The Defendant's sentence is reduced from 360 months' imprisonment to 292 months' imprisonment on Counts 1 and 2, to be served concurrently.

All supervised release conditions contained in the previous judgment shall remain as imposed, with right of modification by the United States Probation Office.

In all other respects, the Defendant's sentence shall remain unchanged.

The Clerk will terminate the Defendant's *pro se* motions [d/e 106, 107].

The Clerk will send a copy of this Opinion to the United States Probation Office.

ENTER: December 18, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge